FILED
JAN 20 2010
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. 09-5073-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| DAN DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**NATURE AND PROCEDURE OF THE CASE**

On June 18, 1998, an indictment was filed against petitioner. CR. 98-50044-RHB. The indictment charged petitioner with one count of conspiracy to distribute marijuana, three counts of distribution of methamphetamine, and two counts of distribution of marijuana. At the time, petitioner was also facing drug charges in state court. Before his arrest and arraignment on the federal charges, and prior to the resolution of the state court charges, defendant fled to Venezuela to avoid prosecution. In March of 2007, petitioner was ejected from Venezuela and deported to the United States where he was arrested and brought before this Court.

On May 16, 2008, petitioner entered a plea of guilty to one count of distribution of marijuana. This plea of guilty was made pursuant to a plea agreement negotiated

between petitioner and the United States. The plea agreement contained the following pertinent terms:

> C. **PLEA TO CHARGE(S):** The defendant will plead guilty to Count III of the indictment filed in this case, which charges the violation of U.S.C. 21 § 841(a). The defendant consents to the filing of an information under 21 U.S.C. § 851 establishing that he has previously been convicted of a felony-drug offense and will admit that the prior conviction was validly entered. The charge carries a maximum statutory sentence of 10 years in prison and a $500,000 fine, or both, and a period of supervised release of 3 years. . . . Upon acceptance of the plea by the Court and the imposition of sentence, this section shall be treated as a Motion to Dismiss the remaining counts in the indictment as they pertain to the defendant pursuant to the terms of this plea agreement.
>
> D. **STIPULATED OFFENSE LEVEL:** It is further understood that in connection with the defendant's plea and sentencing, the United States and the defendant stipulate that the base offense level upon which the defendant's sentence is to be initially calculated, pursuant to U.S.S.G. § 2D1.1(c)(6), is 32, and that pursuant to U.S.S.G. § 3C1.1, the offense level should be increased by 2 levels, for a total offense level of 34.
>
> The defendant understands that these stipulations are not binding upon the Court and that the defendant may not withdraw his plea if the Court does not follow these stipulations.
>
> The United States and the defendant further agree that they will recommend that the Court consider imposing a maximum statutory sentence of imprisonment of 10 years imprisonment.
>
> The defendant understands and agrees that these recommendations are conditioned upon defendant's full, complete, and truthful disclosures to the Untied States Probation Office.

CR. 98-50044-RHB, Docket #55.

The presentence investigation report calculated the base offense level as 32 under U.S.S.G. § 2D1.1. An additional 2 levels were added under U.S.S.G. § 3C1.1 for obstructing or impeding the administration of justice, giving petitioner a total offense level of 34. The base offense level was based upon the quantity of drugs petitioner was believed to be responsible for distributing. These quantities were determined based in part on the debriefing of a co-conspirator, Marvin Schumacher (Schumacher). Schumacher told agents that he received several shipments from petitioner which included 57 pounds of marijuana and 1,814.4 gm of methamphetamine. See Presentence Investigation Report (PSR), ¶ 10. The quantities of methamphetamine petitioner was believed responsible for equaled 3,628.8 kg of marijuana, resulting in a total drug quantity of 3,654.6 kg of marijuana and marijuana equivalent. See PSR, ¶ 13. Nevertheless, because the plea agreement provided a stipulated base offense level of 32, defendant was not held accountable for more than 3,000 kg of marijuana and marijuana equivalent for purposes of the Guideline calculation. See id. Based upon petitioner's total offense level of 34 and a criminal history category of III, the advisory Guideline range was 188 to 235 months, far greater than the statutory maximum of 120 months. See PSR, ¶ 52.

Defense counsel, in preparation for the sentencing hearing, submitted a sentencing memorandum. CR. 98-50044-RHB, Docket #63. The memorandum detailed the recantation of Schumacher that Davis was his sole source of methamphetamine.

Schumacher now claims that petitioner provided him with only two shipments of methamphetamine of at least one ounce each shipment. In support of Schumacher's assertions that petitioner was not his sole supplier, counsel attached a letter authored by Schumacher. CR. 98-50044, Docket #63, Exhibit 1. The letter stated, "I got a phone number from [petitioner] for a guy in Las Vegas. This guy, Joey, Josie or Jody sent the stuff to me. Dan knew a little about it." Id. The letter went on to state how petitioner had saved Schumacher's life and that Schumacher did not wish to see petitioner serve any time in jail. See id. Also attached to the sentencing memorandum was an investigation report detailing an interview of Schumacher by an agent for the Drug Enforcement Administration. CR. 98-50044, Docket #63, Exhibit 2. This report detailed two conversations that took place between the DEA agent and Schumacher. The first conversation took place on May 6, 2008, wherein Schumacher stated that petitioner was his only source for methamphetamine and also that Schumacher did not want to see petitioner get into any more trouble. See id. The second interview took place on August 21, 2008, approximately one week after Schumacher authored the letter. Schumacher recalled that he received two shipments of methamphetamine of approximately one ounce each shipment. See id. At no time, however, did petitioner object to the presentence investigation report.

A sentencing hearing was held on September 10, 2008. At that hearing, petitioner was sentenced to 120 months incarceration and ordered to pay a fine in the amount of

$17,500. Defendant appealed his sentence. The Eighth Circuit Court of Appeals dismissed the appeal as petitioner had waived his appeal rights under the terms of the plea agreement. The mandate from the Eighth Circuit dismissing his appeal was issued on December 23, 2008. Petitioner then filed an application for writ of habeas corpus on September 11, 2009.

## DISCUSSION

The Eighth Circuit has held that "[a] § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petition to relief, or (2) the allegations cannot be accepted as true because they are contracted by the record, inherently incredible, or conclusions rather than statement of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995)).

A. **Ineffective Assistance of Counsel**

1. **Plea Negotiations**

Petitioner first alleges that he received ineffective assistance of counsel when his counsel negotiated a plea agreement that held him responsible for the distribution of methamphetamine. To succeed on a claim of ineffective assistance of counsel, petitioner must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The test requires that petitioner prove that "counsel's performance was deficient" and "that the deficient performance prejudiced the

defense." Id. at 687, 104 S. Ct. at 2064. To establish that counsel's performance was objectively unreasonable, petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Mansfield v. Dormire, 202 F.3d 1018,1022 (8th Cir. 2000) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Furthermore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Johns v. Bowersox, 203 F.3d 538, 546 (8th Cir. 2000).

Petitioner must also prove prejudice by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Williams v. Taylor, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). When alleging ineffective assistance in a situation such as this, petitioner must establish "'a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial.'" Witherspoon v. Purkett, 210 F.3d 901, 903 (8th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)). If a petitioner cannot prove that he was prejudiced by counsel's errors, then the Court need not determine if counsel's performance was deficient. See DeRoo v. United States, 223 F.3d 919, 925 (8th

Cir. 2000). Here, petitioner argues that his counsel was ineffective "when he negotiated a plea agreement that, by its terms, invoked liability on Mr. Davis for drug conduct for which he was innocent." As stated previously, petitioner does not contest his guilt as to the charges dealing with marijuana. He does, however, maintain that he is innocent of any dealings involving methamphetamine.

The Court, however, rejects petitioner's contention that counsel was ineffective at the plea stage. Petitioner has not alleged that but for counsel's alleged errors he would not have entered into the plea agreement. There is no evidence that a plea agreement with terms more satisfying to petitioner could have been negotiated. Moreover, the record reflects that petitioner was fully informed of the terms and consequences of his plea.

> The Court: [T]here is a maximum sentence set by Congress and that maximum sentence is a 10-year incarceration, a fine of $500,000, or both, and it carries with it also a payment of $100 to the Victim's Assistance Fund, and supervised release of three years.

Plea Transcript, p. 5, ln7-12. Later, the following colloquy took place.

> The Court: Has anyone made any promise or assurance to you of any kind to get you to plead guilty?
>
> Defendant: No, Your Honor.
>
> The Court: Are you pleading guilty of your own free will?
>
> Defendant: Yes, I am, Your Honor.

| | | |
|---|---|---|
| The Court: | | Are you pleading guilty because you are guilty of the offense as alleged in the indictment? |
| Defendant: | | Yes, sir. |
| . . . | | |
| The Court: | | Has anyone attempted to force you to plead guilty? |
| Defendant: | | No. |
| . . . | | |
| The Court: | | It [the plea agreement] provides in [paragraph] D that in connection with the defendant's plea and sentencing, the United States and defendant stipulate the base offense level upon which the defendant's sentencing to be initially calculated pursuant to United States Sentencing Guidelines 2D1.1(c)(6) is 32. And pursuant to United States Sentencing Guidelines 3C1.1, the offense level should be increased by two levels for a total of level 34. |
| | | Now, I'm unable to tell you how that would impact your sentence because I don't know what your criminal history will show, so that's as far as I can go on that. Do you have any – does it raise any questions in your mind? |
| Defendant: | | No, sir. |

Plea Transcript, p. 10, ln 9 -p. 11, ln 8; p. 12, lns 6-20.

Petitioner was aware of the terms of the plea agreement. He does not allege that he was coerced at any time during the plea negotiations. In fact, the record reveals that he voluntarily entered a plea of guilty. Accordingly, the Court finds that petitioner was not prejudiced by counsel's performance during the negotiation of the plea agreement. As a result, petitioner's claim of ineffective assistance of counsel during the plea negotiations must fail.

## 2. Sentencing

Petitioner also alleges that he received ineffective assistance of counsel when his counsel failed to convince the Court that defendant was not responsible for any quantity of methamphetamine and thus impose a lower sentence. Again, the Court finds that petitioner was not prejudiced by counsel's performance. First, petitioner had entered into an agreement in which he consented to a base offense level of 32 and did so knowingly and willingly. Second, petitioner had agreed to recommend that he be sentenced to the statutory maximum of 120 months. Petitioner and counsel were bound by the agreement. Furthermore, "[n]o credible evidence points to the conclusion that the [Court] would have changed its ruling based on an objection from counsel." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995). In fact, the Court stated to defense counsel, "you have done a good job in preparing this memorandum, but it doesn't convince me to go below the statutory sentence of 120 months." Sentencing Transcript, p. 13, lns 6-9. Counsel did all he could within the parameters of the agreement petitioner willingly entered. Petitioner simply has not shown that he was prejudiced.

Moreover, even if Schumacher's statement to the DEA agent that he only received two ounces of methamphetamine from petitioner was taken by the Court to be true, the quantity of narcotics attributable to petitioner would have been 139 kg of marijuana [113.4 kg of marijuana equivalent from the two shipments of

methamphetamine plus the quantities of actual marijuana distributed by petitioner which were not contested]. This would have resulted in a base offense level of 26. A base level of 26 combined with a 2-level enhancement for obstruction of justice, would have yielded an advisory Guideline range of 97-121 months incarceration. Thus, petitioner's actual sentence still falls within this modified Guideline range. As a result, the Court finds that petitioner has not shown that he was prejudiced by counsel's performance.

**B.     Due Process**

Petitioner also alleges that the Court violated his constitutional rights by refusing to consider evidence that petitioner claims proves his innocence of any dealings with methamphetamine. At the time of the hearing, defendant was not objecting to the quantities of narcotics which were attributed to him. The Eighth Circuit has held that "unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999) (citations omitted). As a result, defendant's due process rights were not violated by the Court refusing to entertain information that was not directly relevant to the stipulated offense level. Accordingly, this claim fails.

**C.     Constitutionality of Sentence**

Petitioner also alleges that his sentence is unfair because his sentence was based upon criminal conduct of which he is innocent, namely the inclusion of quantities of

methamphetamine for which petitioner claims he had no responsibility. In determining petitioner's sentence, the Court did consider the advisory Guideline range which was based in part upon the quantity of drugs attributable to petitioner, including the now contested quantities of methamphetamine. As stated previously, petitioner did not object to the quantities listed in the PSR and therefore, the Court was allowed to accept those facts as true for purposes of sentencing. See Moser, 168 F.3d at 1132. The Court, however, also considered the factors set forth in 18 U.S.C. § 3553(a). See Sentencing Transcript, p. 6, lns 1-21. Particularly, the Court considered the fact that petitioner fled the country and eluded authorities for approximately 13 years. The Court stated, "[i]f the authorities had not discovered the whereabouts of the defendant, he'd probably still be[] in Venezuela." Sentencing Transcript, p. 7, lns 19-20. As a result, the Court finds that petitioner's sentence was based upon constitutionally permissible factors and was not imposed in violation of petitioner's rights.

## CONCLUSION

This is a case of sour grapes. Petitioner agreed to a term of 10 years incarceration. The agreement was made knowingly and voluntarily. As defense counsel stated, "[w]hen we did the plea bargaining and entered into a plea of guilty, we were looking at the benefit of the bargain, obviously, for Mr. Davis, given the risk he would have faced at trial, and particularly with regard to the methamphetamine allegations." Sentencing Transcript, p. 8, lns 20-25.

Petitioner has received the benefit of the bargain. At no time did counsel act unreasonably. Moreover, petitioner was not prejudiced by the acts of counsel. Accordingly, it is hereby

ORDERED that petitioner's application for writ of habeas corpus (Docket #1) is denied.

Dated this 26th day of January, 2010.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE