UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
FEB 24 2010
CLERK

| | | |
|---|---|---|
| DAN DAVIS, | ) | CIV. 09-5073-RHB |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On September 11, 2009, petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2255. On January 20, 2010, the Court denied the petition. On January 25, 2010, petitioner filed a document entitled "Amended 28 U.S.C. § 2255 Motion." This document was docketed as a supplement. On February 12, 2010, petitioner filed a motion for reconsideration, a motion for certificate of appealability and a notice of appeal.

A.   **Motion to Reconsider**

   1.   **Amended Petition**

Petitioner moves for reconsideration of the denial of his petition for writ of habeas corpus. He first contends that the Court failed to consider the amended petition. The amended petition was not filed at the time that the Court issued the Order dated January 20, 2010. The Court, however, is now in receipt of the amended petition.

The amended petition further sets forth petitioner's contention that he is innocent of any dealings with methamphetamine. He alleges that the government's prime source of

information implicating petitioner in methamphetamine dealings, Marvin Schumacher (Schumacher), repeatedly provided false information to the government. Davis argues that the evidence of these lies was withheld by the government in violation of his rights as it is exculpatory. He also alleges that this evidence would have influenced his determination to enter into a plea agreement.

The Court finds that the "new" evidence is not exculpatory and therefore, the petitioner's rights were not violated by the government's alleged failure to disclose the information prior to plea negotiations. Furthermore, petitioner was aware prior to his plea that Schumacher had implicated him in transactions involving methamphetamine despite petitioner's protestations to the contrary. Schumacher's veracity, therefore, was questionable prior to petitioner's plea of guilty. The "new" information does not alter the knowing and voluntary nature of petitioner's plea. As a result, the Court denies ground for relief.

Petitioner further asserts that he received ineffective assistance of counsel when counsel failed to request the removal of the waiver of appeals clause in his plea agreement. He argues that counsel knew that he was not involved with methamphetamine and yet counseled him to accept the plea agreement based on counsel's "interpretation of the evidence against [petitioner], not the real evidence against [petitioner], or evidence available to rebut the Government[']s evidence against [petitioner.]" The Court finds that this was a matter of strategy that, under the circumstances, was reasonable. See Middleton

v. Roper, 455 F.3d 838, 848-49 (8th Cir. 2006). As a result, and for the reasons set forth in the Order dated January 20, 2010, the Court finds that petitioner did not receive ineffective assistance of counsel.

   2.   **Court's Interpretation of the Plea Agreement**

Petitioner also chastises the Court for its interpretation of the plea agreement. The Court, in its Order dated January 20, 2010, recited that the petitioner and the government agreed to "recommend that the Court consider imposing a maximum statutory sentence of 10 years imprisonment." Petitioner argues that this clause means that he could argue for a sentence *up to* the maximum statutory sentence of 10 years. Petitioner urges the Court to hold an evidentiary hearing to determine the difference between "a" and "the." The Court declines petitioner's invitation.

It is undisputed that petitioner agreed to the application of U.S.S.G. § 2D1.1 with a base offense level of 32 and a 2-level enhancement under U.S.S.G. § 3C1.1 for a total offense level of 34. This total offense level, when combined with petitioner's criminal history score, resulted in a Guideline range of 188 to 234 months, capped by the statutory maximum of 120 months. The Eighth Circuit has held that "[a] defendant may not challenge an application of the Guidelines to which he agreed in a plea agreement . . . ." United States v. Barrett, 173 F.3d 682, 684 (1999). Petitioner entered into a valid plea agreement. His plea was knowing and voluntary. As such, petitioner is bound by the plea

agreement. He was sentenced in accordance with the terms of his plea agreement. As a result, the Court concludes that the motion for reconsideration must be denied.

B.  **Motion for Certificate of Appealability**

Petitioner also moves for the issuance of a certificate of appealability. Federal Rule of Appellate Procedure 22(b) provides that the Court "must either issue a certificate of appealability or state why a certificate should not issue." Title 28 of the United States Code, section 22553(c)(2) provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons set forth in this Order and the Order dated October 8, 2009, and pursuant to Fed. R. App. P. 22(b), the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). As a result, the certificate of appealability will be denied. Accordingly, it is hereby

ORDERED that petitioner's motion for reconsideration (Docket #8) is denied.

IT IS FURTHER ORDERED that petitioner's motion for a certificate of appealability (Docket #10) is denied.

Dated this 18th day of February, 2010.

BY THE COURT:

*Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE